UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN -8 P 12: 23
U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL NO. 04-10836-RGS

| | |
|---|---|
| EDWARD R. ELLIES,<br>Plaintiff | )<br>)<br>) |
| VS. | ) PLAINTIFF'S<br>) OPPOSITION TO DEFENDANT'S<br>) MOTION TO DISMISS |
| COUNTY OF SUFFOLK,<br>Defendant | )<br>)<br>) |

Now comes the plaintiff and opposes the defendant's motion to dismiss for the following reasons:

**I. THE DEFENDANT'S Fed RCivP RULE 12(b)(6) MOTION TO DISMISS SHOULD BE DENIED**

**A. THE DEFENDANT'S FedRCivP RULE 12(b)(6) MOTION TO DISMISS COUNT I (ALLEGING NEGLIGENCE PURSUANT TO MGL C.258, S.1 ET SEQ.) SHOULD BE DENIED**

The law is well-settled that a motion to dismiss a complaint pursuant to FedRCivP Rule 12(b)(6) for failure to state a cause of action should be denied unless it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. Nader v. Citorn, 372Mass. 96,97(1977); Conley v.Gibson, 355 U.S. 41,45-46 (1957). In deciding a motion to dismiss, the Court must accept all of the plaintiff's complaint's factual allegations as being true. United States v. Gaubert, 499 U.S. 315,327 (1991).

The plaintiff's complaint avers that while an inmate in the care and custody of the defendant, he was assigned to the upper bunk-bed

1

in his cell, and was injured while attempting to descend from the bunk-bed. The complaint alleges that the defendant was negligent in 1) failing to provide the plaintiff with a ladder or other safe means to descend from...said bed; and 2) in failing to instruct the plaintiff in a safe manner of descending from...said bed. Plaintiff's complaint, paragraph 7.

The defendant's memorandum in support of its motion correctly states the two-pronged analysis set forth by the Massachusetts Supreme Judicial Court (SJC) in <u>Harry Stoller & Co. v. Lowell</u>, 412 Mass. 139(1992) as being the analysis to determine if allegedly negligent conduct by a municipality is immunized as a discretionary function pursuant to MGL. C.258 S.10(b), to wit: first, whether the government actor had any discretion at all as to what course of conduct to follow; and if so; second, whether the discretion exercised rises to the level of policy-making or planning.

With regard to the failure to provide a ladder or other safe means to descend from the bunk-bed, the plaintiff should be allowed to undertake discovery of the defendant in order to flesh out facts bearing on the issue of whether the alleged negligent conduct involved the exercise of discretion which rises to the level of policy-making or planning.

With regard to the allegation of negligence in failing to instruct the plaintiff on the safe means or manner of descending from the upper bunk-bed, it clearly does not appear beyond doubt

that such negligent conduct involved the exercise of discretion which rises to the level of policy-making or planning. In fact, the defendant in its memorandum of law in support of its motion does not argue to the contrary. 1

In <u>Alter v. City of Newton</u>, 35 Mass.App.Ct. 142 (1993), the Massachusetts Appeals Court held that a failure to warn (which is somewhat analogous to a failure to instruct) was not an immunized discretionary function. The court states at p.147:

> "The alleged negligence by the city in failing to warn of the danger does not, however, come within the exception of S.10(b).There was no 'obvious planning or policy basis' for that failure. (Cite), nor has the city presented anything to suggest that the failure 'was an integral part of governmental policymaking or planning', or any other considerations discussed in <u>Stoller</u>...It is difficult to imagine the city justifying a decision not to place warning signs to high school students on economic or other policy grounds. In the absence of evidence that the city made such a decision based on policy, it may not here invoke the exception of S.10(b)...Other Federal cases also hold that in the absence of a showing that a failure to warn is a policy decision or that such a policy is obvious, the discretionary function exception does not apply.".

As there is no "obvious planning or policy basis" for a failure of a penal institution to instruct an inmate in a safe manner to descend from a bunk-bed which lacks a ladder, it clearly does not appear beyond doubt that such negligent conduct involved the

---

1 **The defendnsat in a footnote claims that it owed no duty to instruct th eplainitff "in so obvious an endeavor as the exercise of caution in descending from..a top bunk" ;fn 3; and cites caselaw for the proposition that a defendant owes no duty to warn of open and obvious dangers. However, the plaintiff's present complaint does not allege a negligent failure to warn of the danger posed by descending from the ladder-less bunk-bed, but rather alleges that the defendant was negligent in failing to instruct the plaintiff in a safe manner of descending from such bunk-bed. "One who is required by law to take or voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a duty to protect the other against unreasonable risk of physical harm...".Slaven v. Salem, 386 Mass. 885 (1982).**

exercise of discretion which rises to the level of policy-making or planning.

**B. THE DEFENDANT'S FedRCivP RULE 12(b)(6) MOTION TO DISMISS COUNT II (ALLEGING A DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 USC. S.1983 SHOULD BE DENIED**

In count II, the plaintiff alleges that the defendant was aware prior to the date of plaintiff's incident that other inmates in its custody had been injured by falling while ascending to and/or descending from its bunk-beds (complaint, para 12); (via incorporation by reference to said paragraph 7) that the defendant failed to provide the plaintiff with a ladder or other safe means to descend from...said bed; and failed to instruct the plaintiff in a safe manner of descending from ...said bed; (via incorporation by reference to paragraphs 9 and 10) that the plaintiff fell and was injured while attempting to descend from the bunk-bed; and that the defendant maintained policies or customs of deliberate indifference to his Constitutional rights (Id., para. 14).

In the recent case of Educadores Puertorriquenos v. Hernandez, 367 F.3d 61 (1st cir.2004), the Court of Appeals for the first circuit made clear that , based upon recent U.S. Supreme Court precedent (Swierkiewicz v. Sorema, N.A, 543 U.S. 506 (2002)), there exists no heightened pleading requirements for civil rights cases (including those brought pursuant to 42 U.S.C. S. 1983), and that the Fed.RCiv.P Rule 8(a) notice pleading is all that is required of a plaintiff. The Court stated at p.66:

4

"...[c]ourts faced with the task of adjudicating motions to dismiss under Rule 12(b)(6) must apply the notice pleading requirements of Rule 8(a)(2). Under that rule, a complaint need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief'. This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' (Cite).State of mind, including motive and intent, may be averred generally.".

The law is well-settled that a prison official's deliberate indifference to as substantial risk of serious harm to an inmate violates the Eighth Amendment prohibition against cruel and unusual punishments, made applicable to the states by the Fourteenth Amendment. Helling v. McKinney, 509 U.S. 25 (1993); Wilson v. Seiter, 501 U.S. 294 (1991); Estelle v. Gamble, 429 U.S. 97 (1976).

A municipal corporation is a "person" within the meaning of 42 U.S.C. S.1983, and is therefore liable where a Constitutional deprivation occurs pursuant to official municipal policy or a governmental custom. Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).

In Farmer v. Brennan, 511 U.S. 825 (1994), the U.S. Supreme Court defined "deliberate indifference" for the purposes of an Eighth Amendment conditions of confinement case as requiring a showing that prison official(s) had subjective knowledge of an excessive risk of inmate health or safety (i.e. official(s) must be aware of facts from which the inference could be drawn that a substantial risk of harm exists; and must also in fact draw that inference); and the official must disregard such risk. Id., p.837. Otherwise stated, the official must consciously disregard a

5

substantial risk of serious harm. Id., p.839. The plaintiff need not show that a prison official acted or failed to act believing that harm would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence..., and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. Id., p.842.

In the instant complaint the plaintiff has alleged the defendant was aware as of January 15, 2003 that inmates had been injured by falling while attempting to ascend and/or descend the bunk-bed [2]; yet the defendant maintained a policy or custom of not providing inmates with a ladder or other safe means to ascend the bunk-bed and/or of not instructing inmates on a safe method to ascend the bunk-bed, as a result of which the plaintiff was injured.

Defendant in its memorandum of law cites an unpublished 7th circuit opinion, Aultman v. Peters, 19 F.3d 21 (7th cir.1994), for support of its proposition that plaintiff's complaint does not make out an Eighth Amendment violation. The plaintiff in Aultman was injured when an inmate sleeping on the bunk-bed above him fell out

---

[2] Plaintiff's counsel represents one (1) other inmate who was injured while ascending or descending the upper bunk-bed in their cell prior to the date of the plaintiff's incident in this case. An assented to motion to consolidate all said cases has been filed with the Court.

of the bed and landed on the plaintiff. The Court of Appeals credited the District Court's finding that "the arrangement of the beds did not pose such serious risks that the defendant's knowledge of any impending danger could be inferred". Id.. In the instant case, plaintiff has alleged that prior similar incidents occurred which made the defendant aware of the risk of such incidents as befell the plaintiff.

Here, plaintiff's complaint alleges sufficient facts that the defendant actually knew of the high risk of injuries to inmates caused by the conditions of the bunk-beds, and yet maintained a policy or custom not to rectify such conditions, thus causing injury to the plaintiff.

Accordingly, the motion to dismiss count II should be denied. [3]

---

[3] The defendant asserts in its memorandum that it cannot be held liable pursuant to 42 USC S.1983 for failing to supply a ladder, if in fact such failure is a discretionary function pursuant to MGL C.258 S.10(b), (and thus immunizes the defendant from a claim of negligence for that specific conduct). The fact that municipalities may be held liable pursuant to 42 U.S.C. S.1983 for maintaining policies regarding the training, supervision, review and discipline of employees (such as in City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985) (which entail high level policy and planning decisions) where a municipal defendant is adjudged to be deliberately indifferent (as opposed to merely negligent) in the maintenance of such policies, flies in the face of such assertion.

By his attorney,

ROBERT H. TOBIN, JR.
TOBIN AND TOBIN, P.C.
735 South Street
Roslindale, MA 02131
Tel. (617) 325-1010
BBO NO. 499425

Dated: 6/7/04

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand/by fax.
Date: 6/7/03