UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD R. ELLIES,  )<br>    Plaintiff          )<br>                            )<br>     v.               )<br>                            )<br>COUNTY OF SUFFOLK,  )<br>    Defendants    )<br>                            ) | Civil Action No. 04-10836-MEL |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. Civ. P. 12 (b)(6)

Now comes the Defendant and hereby moves that this Honorable Court dismiss the claims set forth in the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted. In support of this motion, the Defendant states the following.

    1. Plaintiff's State Law Negligence Claim Against Suffolk County For Failing To Provide A Ladder To Gain Access To The Top Bunk Must Be Dismissed As This Is A Discretionary Function Pursuant To Mass. Gen. Laws Ch. 258, § 10(b).

    2. Plaintiff's 42 U.S.C. § 1983 Claim Against Suffolk County Must Be Dismissed As The Plaintiff Cannot Establish A Violation Of The Eighth Amendment.

In further support of its motion, the Defendant submits the attached Memorandum of Law.

    **Defendant Respectfully Requests A Hearing On This Motion.**

                                                Respectfully submitted,
                                                For the Defendant,
                                                By its Attorney

                                                Ellen M. Caulo

                                            B.B.O. #545250  
                                            Deputy General Counsel  
                                            Suffolk County Sheriff's Department  
                                            200 Nashua Street  
                                            Boston, MA  02114  
                                            (617) 989-6681

Date: August 6, 2004

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

      Counsel for the Defendant hereby certifies pursuant to Local Rule 7.1 that she left a voicemail message for counsel for the Plaintiff by telephone on August 5, 2004, in an attempt to resolve the issues raised by the instant motion.

                                            _____  
                                            Ellen M. Caulo

CERTIFICATE OF SERVICE

      I hereby certify that I have served a true copy of the foregoing papers by mailing a copy, first-class, postage prepaid to counsel of record, Robert Tobin, Jr., Tobin and Tobin, P.C., 735 South Street, Roslindale, MA  02131 on the 6th day of August, 2004.

      SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 6th DAY OF AUGUST 2004.

_____                                Ellen M. Caulo