UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD R. ELLIES, )<br>  Plaintiff )<br> )<br>   v. )<br> )<br>COUNTY OF SUFFOLK, )<br>  Defendants )<br> ) | Civil Action No. 04-10836-MEL |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12 (b)(6)**

Introduction

The Plaintiff is a former inmate at the Suffolk County House of Correction. The Plaintiff alleges that he injured himself when he fell from the top bunk as he attempted to descend to the floor of his cell on or about January 15, 2003. The Plaintiff claims that his injuries are a direct result of the negligence of Suffolk County for its failure to provide a ladder or other means for the Plaintiff to ascend to or descend from the top bunk and for its failure to instruct the Plaintiff on how to ascend to or descend from the top bunk. The Plaintiff further claims that he suffered a violation of his constitutional rights due to the alleged deliberate indifference of the Defendant to the plight of inmates in its custody at the Suffolk County House of Correction, including the Plaintiff, who sustained injuries after falling while attempting to ascend to or descend from bunk beds.

The Defendant's Motion to Dismiss should be granted because the Defendant's decision not to equip bunk beds in cells with ladders or some other means of access to the top bunk is a

1

discretionary act pursuant to M.G.L.c. 258, § 10(b), therefore immune from suit, and does not constitute deliberate indifference for purposes of 42 U.S.C. § 1983.

## Facts[1]

On or about January 15, 2003, the Plaintiff allegedly injured himself when he fell from the top bunk of his cell while attempting to descend from it. (Plaintiff's Complaint ¶ 9) The Plaintiff contends that since there was no ladder or other means to descend from the top bunk he had to step onto the sink in order to get down. (Plaintiff's Complaint and Attachment "A") During this attempt the Plaintiff allegedly slipped and fell onto the sink and floor of the cell and suffered injuries. (Plaintiff's Complaint ¶¶ 9 & 10 and Attachment "A") The Plaintiff also alleges that the Defendant was aware that between February 2002 and May 2003 other inmates had fallen and sustained injuries in attempting to ascend to or descend from the upper bunk. Wherefore, the Plaintiff brought this complaint against Suffolk County for negligence under the Massachusetts Torts Claims Act (MTCA, M.G.L.A. c. 258 § 1, et seq.) and for violation of his civil rights pursuant to 42 U.S.C. § 1983.

## Argument

A complaint should be dismissed if the Plaintiff can prove no set of facts that would entitle him to the relief sought. "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nader v. Citorn, 372 Mass. 96, 97 (1977) (quoting Conley v.

---

[1] For the purposes of this motion only, the Defendant accepts as true those facts alleged in the numbered paragraphs of the Plaintiff's complaint and those included in Attachment "A".

Gibson, 355 U.S. 41, 45-46 (1957)).  In this case the Plaintiff has failed to allege sufficient facts that would entitle him to the relief sought.

1.  **Plaintiff's State Law Negligence Claim Against Suffolk County For Failing To Provide A Ladder To Gain Access To The Top Bunk Must Be Dismissed As This Is A Discretionary Function Pursuant to Mass. Gen. Laws Ch. 258, § 10(b).**

In his complaint, the Plaintiff alleges that Suffolk County is liable for the injuries he sustained when he fell from his top bunk "due to the negligent act(s) or omission(s) of the Defendant, through its agent(s) or employee(s)" in that they failed to provide a ladder or other safe means to ascend to and descend from the top bunk.  (Plaintiff's Complaint ¶¶ 7-9)  The Plaintiff's contention is not supported by the cases under the Massachusetts Torts Claim Act.  The Defendant's decision not to provide ladders or some other safe means to gain access to the top bunk in a cell is a discretionary act pursuant to M.G.L. c. 258, § 10(b) and therefore warrants immunity from suit.

G.L. c. 258, § 10(b) exempts from liability "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused."  A two-pronged analysis is utilized to determine what constitutes a discretionary function within the meaning of c. 258, § 10(b).  Harry Stoller & Co. v. Lowell, 412 Mass. 139 (1992).  The first part of the analysis is to "determine whether the governmental actor had any discretion at all as to what course of conduct to follow."  Stoller, supra at 141.  The second part of the analysis is to determine "whether the discretion exercised rises to the level of policy-making or

3

planning, as that is the only type of discretion immunized by § 10(b)." Alake v. City of Boston, 40 Mass. App. Ct. 610, 612 (1996) (citing *Harry Stoller & Co. v. Lowell*). "Decisions about allocating limited resources to provide adequate security qualify as policy decisions within the meaning of § 10(b), are exempt from suit under the act." See Doe v. New Bedford Housing Authority, 417 Mass. 278, 286 (1993).

In Massachusetts it is well settled that the decision whether to provide a ladder or some other means to gain access to the top bunk in a correctional facility is a discretionary one and therefore immune from suit. See, Morrison v. Garvey, *Memorandum of Decision and Order on Defendants' Motion for Summary Judgment,* Docket No. 93-1015 (May 11, 1995) (Attachment A); Tavarez v. Essex County, *Memorandum of Decision and Order on Defendant's Motion for Summary Judgment,* Docket No. 95-1577 (May 4, 1998) (Attachment B); Tavarez v. Essex County, 49 Mass. App. Ct. (2000) (Attachment C). There is no statute, regulation or practice that prescribes the type of bed that should be installed in correctional facilities much less the specific means of access to such beds. In Morrison, the Superior Court found that the Hampden County Sheriff possessed broad discretion, unfettered by statute or regulation, in how to equip cells within the Hampden County Correctional Facility. Further, the Court held that the discretion exercised by the Hampden County Sheriff in declining to equip bunk beds with ladders invoked the policy and planning concerns contemplated by § 10(b) thereby satisfying the second prong of the discretionary function test. Morisson v. Garvey, *Memorandum of Decision and Order on Defendants' Motion for Summary Judgment*, Docket No. 93-1015 (May 11, 1995). Most recently, in Tavarez v. Essex County, 49 Mass. App. Ct. 1113 (2000), the Appeals Court held that a

4

**"decision whether to equip bunk beds in a correctional facility with ladders necessarily involves the balancing of the safety of the prisoners against the safety and security of corrections officers. Such a decision is characterized by a high degree of discretion and the weighing of alternatives and, therefore, warrants immunity."** Id.;

See also, Bultema v. United States, 359 F.3d. 379 (2004) (Federal prison's policy of not equipping top bunks with rails was a discretionary function immune from suit under the Federal Tort Claims Act, U.S.C. § 2680(a));Fernandez v. The Federal Bureau of Prisons, 2001 WL 913929(S.D.N.Y.) (Federal correctional facility's decision not to equip bunk beds with ladders was a discretionary function immune from suit under the Federal Tort Claims Act, 28 U.S.C. § 2680(a)).

The Defendant's decision not to equip bunk beds with ladders or other means of access at the Suffolk County House of Correction was a discretionary act that was characterized by a significant degree of discretion and involved the balancing of safety and security concerns involving both inmates and correctional officers. See, Tavarez v. Essex County, 49 Mass. App. Ct. 1113 (2000); See also, Barnett v. City of Lynn, 433 Mass. 662, 745 N.E.2d. 344 (2001) (City's decision not to erect fence or other barrier at top of stairs or to shovel snow was a discretionary act); Wheeler v. Boston Housing Authority, 34 Mass. App. Ct. 36, 40, 606 N.E.2d 916 (1993) (deciding what security measures should be taken in a public housing complex is a discretionary function); Alter v. Newton, 35 Mass. App. Ct. 142, 146, 617 N.E.2d 656 (1993) ( not erecting a fence around a school playing field was a discretionary act). Therefore, the Plaintiff's claim for negligence against the Defendant for failing to provide a ladder or some other means of access to the top bunk is barred by Mass. Gen. Laws ch. 258, § 10(b).[2]

---

[2] In his complaint the Plaintiff also alleges negligence on behalf of the Defendant for its failure to instruct the Plaintiff "in a safe manner of ascending to and descending from said bed" (Plaintiff's Complaint ¶ 7). The

> 2. **The Plaintiff's 42 U.S.C. § 1983 Claim Against Suffolk County Must Be Dismissed As The Plaintiff Cannot Establish A Violation Of The Eighth Amendment.**

The Plaintiff alleges that his rights, pursuant to 42 U.S.C. § 1983, were violated because, even though the "[D]efendant, through its employees, was aware that inmate(s) in its custody had been injured by falling while ascending to and /or descending from bunk bed(s)",(Plaintiff's Complaint ¶12), it did not change its policy of not equipping bunk beds with ladders or other means of access. It is by now axiomatic that the doctrine of *Respondeat Superior* does not apply in § 1983 actions. "[A] municipality cannot be held liable under § 1983 on a *Respondeat Superior* theory." Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978). The Supreme Court established in Monell that municipalities could not be held vicariously liable under 42 U.S.C. § 1983 for their employees' actions unless such actions were pursuant to an official municipal policy or custom that caused a constitutional tort. Id. at 658. See also, City of Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427 (1985); Jett v. Dallas Independent School District, 491 U.S. 701, 109 S.Ct. 2712 (1989).

To establish municipal liability in a § 1983 action, the Plaintiff must establish that Suffolk County was a moving force behind the deprivation of the Plaintiff's

---

Defendant owed no duty to the Plaintiff to instruct him in so obvious an endeavor as the exercise of caution in ascending to or descending from a top bunk. See Barnett v. City of Lynn, 433 Mass. 662 (2001)(Court held that the danger of sledding down stairs which lead to a road well traveled by cars was so open and obvious, even to child exercising reasonable care for his own safety, that the City had no duty to post warning signs); O'Sullivan v. Shaw, 431 Mass. 201 (2000) (homeowner had no duty to warn plaintiff of the open and obvious danger in diving headfirst into the shallow end of swimming pool); Greenslade v. Mohawk Park, Inc., 59 Mass. App. Ct. 850 (2003)(Campground owner had not duty to warn visitor of danger of swinging from rope suspended over river where the danger was open and obvious); Tecco v. Columbiana County Jail, 2000 WL 1902210 (Ohio App. 7 Dist.)(Prison officials had no duty to warn inmate that windows in recreation area contained non-safety type glass as windows presented an open and obvious danger.)

constitutional rights.  Monell, supra at 658.  See also, City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 1203 (1989)("' It is only when the execution of the government's policy or custom…inflicts the injury that the municipality may beheld liable under § 1983.'") Quoting, City of Springfield, Mass. v. Kibbe, 480 U.S. 257, 267, 107 S.Ct. 1114, 1119 (1987).  It is insufficient to allege that the employees of the entity were the cause of the injury.  Under the standard set out in Monell and affirmed in Canton, in order to maintain § 1983 claim against Suffolk County, the Plaintiff must establish that:

   1.   The Defendant had deliberate and discernible policies and customs in place; and,

   2.   The Defendant's customs and policies caused the employees of the Suffolk County Sheriff's Department to act with deliberate indifference.

In his complaint, Plaintiff fails to set forth any facts to demonstrate that Suffolk County or the Suffolk County House of Correction employed policies or customs that were the cause of and the moving force behind the alleged deprivation of Plaintiff's constitutional rights. Nor does the Plaintiff specifically identify the policy or custom that caused the employees of the Suffolk County Sheriff's Department to act with deliberate indifference thereby depriving him of his constitutional rights. Instead, the Plaintiff conflates the two-pronged requirement of Monell and Canton and simply makes the bald assertion that the "defendant, through its [S]heriff or County Commissioners or other employee(s) with final decision making authority, maintained policies or customs of deliberate indifference to the constitutional rights of inmates such as the plaintiff…"(Plaintiff's Complaint ¶14)  In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court need not credit "bald assertions, unsupportable conclusions,

periphrastic circumlocutions and the like…" Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Plaintiff's broad assertion of deliberate indifference, unsupported by any factual averments lacks the requisite specificity to give rise to constitutional liability under § 1983.

The Plaintiff can only prevail in a § 1983 claim against a municipality if he shows that it knew about a risk to a class of inmates and recklessly disregarded that risk. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994). Public officials may be liable under § 1983 if they are deliberately indifferent to an inmate's safety needs. Id. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 834. See also, Manarite v. City of Springfield, 957 F.2d 953, 956 (1st Cir. 1991), cert denied, 506 U.S. 837, 113 S.Ct. 113 (1992). (Deliberate indifference "means more than ordinary negligence and probably more than gross negligence."Id.) Although not specifically plead, Plaintiff's complaint could be construed as alleging violations of his Eighth Amendment rights arising out of the conditions of his confinement at the Suffolk County House of Correction.

Every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials. Osolinski v. Kane, 92 F.3d 934 (1996) (Prison officials failure to repair an oven door, although on notice that it was malfunctioning, did not expose them to liability under the Eighth Amendment for burns sustained by inmate when door fell off.) Furthermore, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Hoptowit v. Spellman, 753 F. 2d 779, 784 (1985).

8

To be actionable under the Eighth Amendment, the alleged deprivation by prison officials "must satisfy both an objective component, i.e. the deprivation must be sufficiently serious, and a subjective component, i.e., the offending conduct was wanton." Gandy v. S.F. Thompson, 1997 WL 369728 at 3 (D.Or.), citing Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994). In order to establish liability for prison officials in cases involving conditions of confinement, the subjective component requires a showing that the prison official knew of and disregarded an excessive risk to inmate health and safety; the official must have been aware of facts from which the inference could be drawn that a substantial risk of harm existed, and he must have drawn the inference. Farmer, 511 U.S. at 837; Gandy, Id. The question under the Eighth Amendment is whether prison officials were deliberately indifferent to inmate health and safety. Farmer, 511 U.S. at 834. Deliberate indifference "means recklessness in a criminal, subjective sense, defined in the prisoner safety context as "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Aultman v. Peters, III, 19 F.3d 21, 1994 WL 55558 at 1 (7th Cir.(Ill.)), quoting from James v. Milwaukee County, 956 F.2d 696, 700 (1992).

In Aultman, the inmate plaintiff claimed that he was subjected to cruel and unusual punishment when a 180-pound inmate, who was sleeping on the top bunk of a bunk bed, fell on top of him as he was sleeping on a single bed next to the bunk bed. The inmate plaintiff alleged that prison officials were aware of the dangerous conditions posed by the arrangements of the beds and ignored his numerous requests for safety measures. The Court found that the arrangement of the beds within the cell did not pose

such a serious risk to the inmates' safety that the defendant's knowledge of impending danger could be inferred. Aultman, 19 F.3d 21, 1994 WL 55558 at 1 (7th Cir.(Ill.) Further, the Court held that, even accepting the inmate's contention that he had requested safety measures on several occasions, the defendant's failure to respond to his requests at most amounted to gross negligence that was insufficient to invoke Eighth Amendment liability. Id.

  The Aultman case is instructive in that prison officials' decision to equip cells with both bunk beds and a single bed without installing a safety measure, presumably a railing for the upper bunk, did not implicate such a serious risk to the inmates' health and safety that their failure to do so was reckless.  Nor did the inmate plaintiff's request for safety measures transform their arguable negligence into deliberate indifference. Similarly, in this case, the Plaintiff's complaint fails to set forth sufficient facts to establish that the Defendant knew that the failure to equip bunk beds with ladders or other means of access posed an excessive risk to the inmates' health and safety; that the failure to do so would result in a substantial risk of harm; subjectively drew that inference and disregarded it.  See Farmer, 511 U.S. at 837; Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321 (1991). Although the Plaintiff alleges that the Defendant was aware that other inmates had been injured by falling while ascending to or descending from the upper bunk he sets forth no facts to establish that the lack of ladder or other means of access to the upper bunk was the cause of these alleged injuries; that prison officials were aware that the absence of ladders posed an **excessive** risk to inmates' health and safety;  and that their failure to equip bunk beds with ladders would result in a **substantial** risk of harm to inmates. Further, in contrast to Aultman, the Plaintiff in this case did not complain to the

Defendant that the failure to provide a ladder to access the upper bunk rendered his sleeping conditions unsafe.

At most, the allegations contained in Count II of the Plaintiff's complaint set forth a cause of action against the Defendant for negligence in failing to remedy a potential risk. The mere insertion of the term "deliberate indifference" does not transform a negligence action into a sufficiently cognizable claim under § 1983. Watson v. Young, 2000 WL 987297 (Tenn.Ct.App.) (Defendant prison officials knowledge of defective wiring and their failure to repair said defect was at most negligence and did not subject them to liability under the Eighth Amendment for alleged injuries sustained by inmate who was shocked by exposed electrical wiring); See also, Duane v. Lane, 959 F.2d 673, 676 (1991) (Prison officials' failure to take more protective measures to prevent the possession of stingers or to protect plaintiff from inmates known to have attacked fellow inmates with scalding liquid not enough to implicate the Eighth Amendment because it is a question of negligence). An inmate who "merely establishes negligence but does not show either actual knowledge of the danger, or danger objectively so great that actual knowledge of the danger can be inferred, cannot prevail." Id. Mere negligence does not constitute deliberate indifference for the purposes of an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976). Hence, the Plaintiff's allegations fail to state a viable civil rights claim.

Moreover, as set forth more fully above, the Defendant's decision not to equip bunk beds at the Suffolk County House of Correction with ladders does not constitute negligence pursuant to Mass. Gen. Laws ch. 258, § 10(b). Tavarez v. Essex County, 49 Mass. App. Ct. 1113 (2000). In Tavarez, the Appeals Court specifically found that prison

11

officials' decision not to equip bunk beds with ladders in a correctional facility was characterized by a significant degree of discretion and invoked the kinds of policy and planning concerns contemplated by § 10 (b), thereby rendering it immune from suit. Since the conditions of confinement at issue in the present case do constitute negligence, they can hardly be found to be violative of the Eighth Amendment. See Estelle v. Gamble, supra; Watson v. Young, supra.  It is only when prison officials act with reckless disregard to a substantial risk of harm to inmate health and safety may an Eighth Amendment violation be found.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).  Policy decisions like those in the instant case, which are characterized by a high degree of discretion and involve the weighing of alternatives and competing considerations and for which the Legislature has specifically carved out an exemption from liability, are not the kind of highly unreasonable conduct that may form the basis for an Eighth Amendment violation. See Benson v. Cady, 761 F.2d 335, 339 (1985).

Conclusion

The Defendant asks this Court to grant its Motion to Dismiss because the Defendant is not liable for failing to provide a ladder or some other means for the Plaintiff to access the top bunk because the decision to do so is discretionary and, therefore, barred by Mass. Gen. Laws ch. 258, § 10(b).

Moreover, the Defendant cannot be held liable under 42 U.S.C. § 1983 because the Plaintiff has failed to plead the essential elements of his claim.

For the aforementioned reasons the Defendant respectfully requests that this Honorable Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(6).

        Respectfully submitted,
        For the Defendant,
        By its Attorney,

_____

Ellen M. Caulo
Deputy General Counsel
BBO# 545250
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 989-6681

Date: August 6, 2004

## Certificate of Service

    I hereby certify that I have caused a true and accurate copy of the attached Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b)(6), and Memorandum in support of to be served on Robert H. Tobin, Jr., attorney for the Plaintiff, at 735 South Street, Roslindale, MA 02131 by first class mail, postage prepaid this 6th day of August, 2004.

_____
Ellen M.Caulo